```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DARCY LENCZEWSKI, on behalf of
     GEORGE A. LENCZEWSKI (Deceased),
                    Plaintiff,                08-CV-0862-A

v.                                            **DECISION**
                                              **And ORDER**
MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

_____
```

Introduction

Plaintiff, Darcy Lenczewski, on behalf of George A. Lenczewski (Lenczewski), brings this action pursuant to sections 216(I) and 223(d) of the Social Security Act seeking review of a final decision by the Commissioner of Social Security denying Lenczewski's application for Disability Insurance Benefits and Supplemental Security Income for the period of October 1, 2002 to August 9, 2005. The Plaintiff asserts that the determination by the Administrative Law Judge (ALJ) that Lenczewski was not disabled is not supported by substantial evidence and should therefore be reversed. The Plaintiff further asserts that the Appeals Council's determination, denying Plaintiff's request for review upon finding substantial evidence of substantial gainful activity, was unresponsive to Plaintiff's claim that these wages were earned during unsuccessful work attempts as provided for under 20 C.F.R § 404.1574(a), (c).

The Commissioner moves for judgment on the pleadings affirming his final decision that Lenczewski is not entitled to these

benefits on the grounds that the ALJ's decision is supported by substantial evidence in the record. The Plaintiff opposes this motion and cross-moves for a judgment on the pleadings in her favor or, in the alternative, for the matter to be remanded for a new hearing on grounds that the decision was against the weight of evidence. For the reasons set forth hereunder, the Court finds the that decision of the Commissioner is supported by substantial evidence and is in accordance with the applicable law.

## Background

On May 5, 2004, Lenczewski applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income("SSI") under the Social Security Act ("the Act"), Titles II and XVI respectively. Both applications alleged disability since May 1, 2004, due to severe depression and anxiety. The date of alleged onset was subsequently amended to reflect an onset date of October 1, 2002. Both applications were denied on July 14, 2004, and a timely written request for a hearing before an ALJ was filed. Lenczewski died on August 9, 2005, after sustaining a gunshot wound to the abdomen. On April 12, 2006, the Plaintiff, as deceased's widow, substituted herself as a party in this case.

The Plaintiff appeared, with counsel, at an administrative hearing before the ALJ on April 27, 2006. In a decision dated August 21, 2006, the ALJ determined that Lenczewski's earnings from 2002 to 2005 showed that he had engaged in substantial gainful

activity ("SGA") throughout that period and that there had been no continuous 12-month period during which Lenczewski had not engaged in SGA. Therefore, the ALJ determined that Lenczewski was not under a "disability" as defined by SSA §§ 404.1520(b) and 416.920(b). The ALJ's decision became final when the Appeals Council denied Plaintiff's request for review on September 24, 2008. The Plaintiff filed this action on November 26, 2008.

Discussion

I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Matthews v. Eldridge, 424 U.S. 319, 320 (1976). Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the

legal standards employed by the Commissioner in evaluating the Plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." <u>Lynn v. Schweiker</u>, 565 F. Supp. 265, 267 (S.D. Tex.1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. <u>See</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

II. <u>Standard for Entitlement to Social Security Benefits</u>

The ALJ, in his decision, found that the Lenczewski was not disabled within the meaning of the Act. The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

4

less than 12 months..." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). An individual will only be considered "under a disability" if his impairment is so severe that he is both unable to do his previous work and unable to engage in any other kind of substantial gainful work that exists in the national economy. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

In determining if a disability exists, the ALJ is required to adhere to the following five-step sequential evaluation:

(1) if the claimant is performing substantial gainful work, he is not disabled;
(2) if the claimant is not performing substantial gainful work, his impairment(s) must be "severe" before he can be found disabled;
(3) if the claimant is not performing substantial gainful work and has a "severe" impairment(s) that has lasted or is expected to last for a continuous period of at least 12 months, and if the impairment(s) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry;
(4) if the claimant's impairment(s) do not meet or medically equal a listed impairment, the next inquiry is whether the claimant's impairment(s) prevent him from doing his past relevant work, if not, he is not disabled;
(5) if the claimant's impairment(s) prevent him from performing his past relevant work, and other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v)(2009). In following this sequential analysis, the ALJ determined at step one - based on Lenczewski's earnings[1] - that

---

[1] See Transcript of Administrative Proceedings ("T.") at pages 63-82, 138-39.

Lenczewski was not under a "disability" as defined by the Act. The ALJ determined that there had been no continuous 12-month period during which Lenczewski had not engaged in SGA and therefore was not under a disability as defined by the SSA. 20 C.F.R. §§ 404.1520(b) and 416.920(b).

SGA is usually determined based on the claimant's earnings derived from the work activity in question. 20 C.F.R § 404.1574(a)(1). Average monthly earnings which exceed the amount established by agency regulations for the relevant year are generally considered SGA.[2] The Plaintiff contends that the earnings from Lenczewski's work during the period of 2002 to 2005 do not constitute SGA because these periods of employment were unsuccessful work attempts ("UWAs") as provided for under §§ 404.1574(a)(1) and 416.974(a)(1). This exception to the general earnings test provide that an UWA is work which a claimant is "forced to stop after a short time because of [his] impairment" and earnings from such attempts may not be treated as SGA. Id. This provision is further expounded upon by various Social Security Policy Interpretation Rulings which limit UWAs to a maximum of six months and establish two separate criteria for evaluating work

---

[2] See DI 10501.015 Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity: Table 2 - Nonblind Individuals Only, https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015. The SGA amounts set for the relevant years are as follows: 2002 - $780, 2003 - $800, 2004 - $810, 2005 - $830. Id.

efforts based on their duration.  SSR 05-02; SSR 85-25.  For work efforts lasting less than three months, the claimant only needs to show that the work ended due to his impairment.  For work efforts lasting between three and six months, one of four additional circumstances must also be met.[3]

In making a determination regarding disability, the ALJ made an extensive effort to develop the record regarding Lenczewski's work from 2002 to 2005.  A questionnaire was mailed to 17 of Lenczewski's employers requesting the following information; dates of employment, the reason employment ended, job description, any special considerations given, job performance, and an earnings summary.[4]  Based on the entire record, including the various employer responses, I find that the ALJ properly considered the work engaged in between 2002 to 2005 to be SGA, which proscribes a finding of a disability under step-one of the required evaluation.

---

[3]SSR 05-02.  For work efforts lasting between three and six months, claimants must show that the work ended due to the impairment and that the impairment caused frequent absences or unsatisfactory work; or that the work was done during a temporary remission or under special circumstances.  Id.  The presence of one or more of these factors will not be established based solely on information from claimant; the court will seek verification from the employer and may seek confirmation from a physician.  Id.

[4]See T. at 206-55 (copies of the questionnaires mailed to Lenczewski's employers).

### i. Evaluation of Claimed Unsuccessful Work Attempts

The ALJ determined that Lenczewski's work constituted SGA which precluded a finding of a disability under the Act. However, the Plaintiff argues that the earnings from Lenczewski's work attempts during this time period should be disregarded under the UWA exception; they were less than six months in duration and statements made by Lenczewski, his wife, and his treating physician show that they ended due to his impairment. The Plaintiff asserts the Appeals Council's claim that "there is no evidence showing why the claimant left those jobs" is not supported by the record.

### Physician's Testimony

The Plaintiff contends that the Appeals Council and the ALJ erred in not finding the testimony of Lenczewski's treating physician, Dr. David Stahl, regarding Lenczewski's capacity to work to be sufficient evidence that each work attempt ended due to his impairment. In a written statement dated June 4, 2004, Dr. Stahl stated that, as a result of his severe depression and bipolar disorder, Lenczewski "has been markedly impaired in his ability to relate to co-workers and supervisors that has let [sic] to his being terminated from many jobs." T. at 184. Dr. Stahl further opined that this condition would prevent Lenczewski from holding any job of extended duration in the future as well. Id. These opinions are restated in a written response to questions from the Division of Disability Determinations, however, Dr. Stahl also

indicated on this response that he was unable to provide a medical opinion regarding Lenczewski's ability to do work-related activities. T. at 256-266 (questionnaire seeking elaboration on Dr. Stahl's initial written statement from June, 4, 2004). While these general statements suggest that Lenczewski's employment difficulties were related to his impairment, they do not preclude a finding that Lenczewski engaged in SGA and was therefore not under a disability. The statements made by Dr. Stahl are general in nature and do not address the reasons why Lenczewski ended any specific employment. The record shows Lenczewski left two of these positions for reasons other than his impairment.[5] Dr. Stahl's opinion does not shed any light on the particular reason(s) why Lenczewski ended any work attempt. The record also shows that Lenczewski did in fact manage to hold a job of extended duration after Dr. Stahl offered these opinions.[6]

Furthermore, the ALJ is not required to rely on, or even consider, a physician's testimony when determining if a work attempt qualifies as unsuccessful. SSA 05-02 and SSA 84-25 require

---

[5] Lenczewski left employment at Reid Petroleum Corp., informing the employer that the job "was not for him". T. at 120. David Dunn Salvage, Inc. reported that Lenczewski left employment there in 2000 for a higher paying job, was rehired in 2002 and subsequently quit due to family problems. T. at 129.

[6] T. at 103. Lenczewski worked for W. Peter Ronson Jr. & Sons from July 27, 2004 through November 30, 2004. Furthermore, while no specific employment information is in the record for 2005, Lenczewski was able to earn $12,097.17 between January 2005 and August, 9, 2005.

9

the ALJ to seek confirmation from the claimants employer in the absence of impartial evidence showing why work was ended. The ALJ may seek confirmation from a physician if the information received from employers is inconclusive or not available. Id. This confirmation is not mandatory, it is discretionary. Joers v. Apfel, No. 97-35476, 1998 U.S. App. LEXIS 16487, at *11 (9th Cir. July 16, 1998). The ALJ did not err in not relying on Dr. Stahl's testimony in determining if these work attempts qualified for exemption as UWAs.

Evaluation of Work Attempts

In order for the work attempts in question to be disregarded and not considered SGA, the Plaintiff must establish that all of the requirements of an UWA were met for each individual work attempt. One of the positions held by Lenczewski in 2002 does not qualify for consideration as an UWA as it lasted longer than six months. SSA 05-02; SSA 84-25. From January 30, 2002 to December 11, 2002, Lenczewski worked for Wackenhut Corporation in a security position earning $9,261.50. This employment exceeds the six month maximum allowable under the UWA exception and, therefore, must be considered SGA.

For jobs lasting less than three months, the Plaintiff only needs to establish that Lenczewski was forced to end his employment due to his impairment. Id. According to the record, the majority

10

of Lenczewski's jobs fall within this category.[7] The Plaintiff asserts that her testimony, statements made by Lenczewski prior to his death, and Dr. Stahl's opinion provide substantial evidence that this is the case. As noted above, the Act requires more than just statements from the plaintiff to establish the reason(s) employment was ended. The ALJ must seek corroboration of these statements from subjective evidence or statements obtained from the claimants employers. Id.; Stevenson v. Chater, 105 F.3d 1151, 1155 (7th Cir. 1997). Lenczewski was not terminated by any of his former employers and not one of these employers responses suggested that Lenczewski quit for reasons relating to his impairment. Two of his former employers noted specific reasons why Lenczewski quit, which were unrelated to his impairment.[8] Since only work attempts which ended due to the impairment qualify as UWAs, these two employment periods must be considered SGA. See, King v. Chater, 72 F.3d 85, 87 (8th Cir. 1995).

For periods of employment lasting from three to six months, the Plaintiff must also show that one of the four additional circumstances required by SSA 05-02 and SSA 84-25 were present. According to the record, Lenczewski held several jobs during the period in question that fell within this category. From March 3, 2003 to July 11, 2003, Lenczewski was also employed by David

---

[7] See T. at 91-137 (employer questionnaire responses).

[8] See *supra* note 5.

Cadillac and managed to earn $10,055.50 during these four months.[9] No information was provided from this employer regarding Lenczewski's reason for leaving, but another employer from this same time period reported that, prior to quitting, Lenczewski was capable of performing his job without any special considerations.[10] From July 27, 2004 through November 30, 2004, Lenczewski worked as a truck driver for W. Peter Ronson Jr. & Sons, Inc. This employment ended when Lenczewski failed to report for work. While this employer reported that Lenczewski missed work on several occasions, no further information regarding these absences was provided. Lenczewski earned $9,335.20 in wages.

While there is no detailed information in the record regarding Lenczewski's employment during 2005, the record does show that Lenczewski managed to earn $12,097.17 during the eight months prior to his death. The average of these earnings is $1,512.14 per month, almost double the level of monthly earnings required to

---

[9] T. at 115. The employer questionnaire was filled out by Employer Services Corporation, who handles payroll for David Cadillac and was unable to provide information regarding reasons for termination and work performance. Id.

[10] T. at 91-93. From February 6, 2003 through July 30, 2003, Lenczewski was employed as a hospital security guard by I.R. Mueller Corp. but only received paychecks for the first two months. This employer reported that Lenczewski was capable of performing his job and required no special conditions aside from Sundays off. Id.

establish SGA for 2005.[11] From this, it may reasonably be assumed that this was not an UWA.

Even assuming each of these work attempts ended due to Lenczewski's impairment, the ALJ would also have had to find one of the following four conditions was present for each employment period; (a) frequent impairment-related absences, or (b) unsatisfactory work due to impairment, or (c) the work was performed during a temporary remission of the impairment, or (d) that the work was done under special conditions. SSA 05-02; SSA 84-25.

There is no evidence in the record that suggests any of these conditions was met for any relevant period of employment. While one employer reported several absences, there is no evidence that these absences were related to Lenczewski's impairment. Aside from these absences, no employer reported that Lenczewski's work was unsatisfactory. Furthermore, Lenczewski was not terminated by any employer, as might be expected if his work was unsatisfactory. The Plaintiff does not attempt to show, nor does the evidence suggest, that these employment attempts were undertaken during periods of remission from impairment. Finally, no responding employee noted any special conditions required by Lenczewski to perform his assigned job. As the prerequisite conditions have not been met to establish that these three to six month employment periods were

---

[11] See *supra* note 2.

UWAs, the earnings from these periods constitute SGA. While the ALJ did not articulate his reasoning for finding that the claimant engaged in SGA, his conclusions are supported by substantial evidence in the record.

### ii. Determination of Disability

As defined by the Act, a "disability" refers to the inability to engage in any SGA by reason of a determinable impairment that can be expected to result in death or last for a period of not less than 12 months. For the reasons heretofore stated, there is substantial evidence in the record to support the conclusion that Lenczewski engaged in SGA during the following periods: January 30, 2002 to December 11, 2002, March 3, 2003 to July 11, 2003, February 23, 2004 to February 25, 2004, and July 27, 2004 to November 30, 2004. The record of Lenczewski's earnings in 2005 establishes that he was also able to engage in SGA during the eight months prior to his death. These periods of employment establish that there was no 12-month period between October 1, 2002 through August 9, 2005 in which Lenczewski did not engage in SGA, as is required by the Act. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b); See also Joers, No. 97-35476, 1998 U.S. App. LEXIS 16487, at *9.

Therefore, the substantial evidence in the record supports the ALJ's decision that Lenczewski was not under a disability within the meaning of the Act.

Conclusion

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca<br>MICHAEL A. TELESCA<br>United States District Judge

Dated:   Rochester, New York
         June 15, 2010